The Honorable Wayne Dowd State Senator P.O. Box 2631 Texarkana, AR 75502
Dear Senator Dowd:
You have requested an opinion under the authority granted in Initiated Act 1 of 1988 which is cited as "The Disclosure Act for Lobbyists and State Officials". You ask several questions relating to facts unique to your personal circumstances, which I shall re-phrase and answer in the order presented.
You first ask if the proper manner in which to report your sources of income, and your wife's sources of income, is to disclose the name of your law firm and your wife's status as a self-employed Certified Public Accountant, and not list individual clients. I believe that this is the proper manner in which to comply with the Act as required by Section 21-8-701(b).
Your second and third questions relate to the reporting procedures for business transactions wherein you and your partners purchased property from an individual who also financed the project, and wherein you and your wife secured a loan from an individual. You specifically ask if these transactions are reportable under Section 21-8-701(e), which requires a public official to disclose "[t]he name and address of each creditor to whom the value of five thousand dollars ($5,000.00) or more was personally owed or personally obligated and is still outstanding by the public official. Loans made in the ordinary course of business by either a financial institution or a person who regularly and customarily extends credit shall not be required to be disclosed."
The Act does not provide any guidance for determining under what circumstances a person "regularly or customarily extends credit". However, it may reasonably be concluded that it will be necessary for you to inquire as to whether the creditors regularly and customarily extend credit in the ordinary course of business. If, after an inquiry, you determine that the individuals do not regularly and customarily extend credit, then the creditors' names and addresses will be reportable.
You have also asked whether the Act requires your wife to report any audit services performed for non-profit corporations which receive state or federal funding. I believe that the answer to this question is "no". It is true that public officials and their spouses must report goods and services sold to certain governmental entities, but only when the good or service sold is to the governmental body of which the public official is a member. In your case, you would only report any good or service you or your wife sold to the General Assembly.
Finally, you ask if the definition of "governmental body" is broad enough to extend to city or county governments. I believe that the answer to this question is "no". Section 21-8-401(e) defines a governmental body as "any office, department, commission, council, board, committee, legislative body, agency, or other establishment of the executive, judicial or legislative branch of the state government." Clearly, then, for purposes of this Act, only state level entities qualify as governmental bodies.